COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| ARNOLD BARNES III, | § | No. 08-10-00114-CR |
| Appellant, | § | Appeal from |
| v. | § | 371st District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1154502d) |

## O P I N I O N

Arnold Barnes III appeals his conviction of murder. Appellant was indicted for the offense of capital murder, but a jury found him guilty of the lesser-included offense of murder and assessed his punishment at imprisonment for a term of seventy-five years. We affirm.

### FACTUAL SUMMARY

On April 11, 2009, Ronnie Roberts and his family were staying with Brian Keith Roscoe in his apartment. Roberts and Roscoe left the apartment during the evening to get take-out dinner. As they were walking to Roscoe's truck in the parking lot, Roberts heard someone behind him say, "Hey fellows, I need your wallets." Roberts turned around and saw a man, later identified as Appellant, holding a handgun. When Roberts was facing him, Appellant pulled back the hammer on the gun. Roberts could not see Appellant's face because he was wearing a gray hoody that concealed his head and face. Frightened that Appellant would kill him, Roberts gave the man all of the money he had. Roscoe, who was six feet seven inches tall and weighed approximately 492 pounds, turned and said, "Are you f-----g kidding me?" Appellant replied, "No, times are hard." Roscoe threw his wallet at Appellant and charged him in an effort to grab

the gun. Appellant began shooting and Roscoe fell to the ground. Roberts ran back to the apartment and yelled for someone to call 911. Roberts went back to assist Roscoe and found him lying on his stomach and holding one hand to his neck in an effort to staunch the flow of blood. Appellant had fled the scene. Roberts and other onlookers attempted to assist Roscoe, but he was not breathing and did not have a pulse when the paramedics arrived. Roscoe was pronounced dead shortly after arriving at the hospital.

Dr. Lloyd White, a forensic pathologist employed as a deputy medical examiner, performed the autopsy. He determined that Roscoe had been shot five times. Three bullets struck him in the thigh and one bullet grazed his abdomen. The fatal injury resulted from a gunshot which entered near the chin, traveled under the skin along the jaw and continued down into the neck and through the trachea where it caused a massive disruption of the trachea. The bullet then traveled into the right side of the chest where it penetrated the root of the lung, causing a disruption of the bronchial tubes and major blood vessels. Upon leaving the root of the lung, the bullet continued through the diaphragm and into the liver. Dr. White retrieved a large caliber slug from the liver and another from the thigh.

The police determined that a cell phone found near Roscoe's body belonged to Appellant's girlfriend, Clintressa Stewart. Stewart testified that she and Appellant had driven to the apartment complex in order to buy marihuana from a man they knew as "Black." Stewart waited in the car while Appellant went to buy the marihuana. After a while, Stewart heard gunshots and then saw Appellant running toward the car. When he climbed inside, Appellant told her he had just shot somebody and they had to leave. They returned home and later realized that they did not have the cell phone. They drove back to the apartment complex to look for it, but soon left because police officers were everywhere. Appellant threw away the shoes he had

been wearing and went to stay with his brother at Prairie View A & M. When Stewart learned that the police had been to her mother's house looking for her, she decided to talk to the police.

Appellant testified in his own defense. He explained that he went to the apartment complex with the intent to rob someone because he needed money, but he did not intend to shoot anyone. He had purchased the handgun from a guy named "Black." He had never fired the gun and did not know whether it had bullets. He saw Roberts and Roscoe walking together and approached them with the hood of his sweatshirt pulled up to conceal his face. He said, "I need your wallets" while he held the gun at his hip. Appellant denied pulling back the gun's hammer or pointing it at either man. After Roberts gave him some money, he walked toward Roscoe and said, "I need your wallet." Appellant denied any intent to harm Roscoe. Roscoe started walking toward him while Roberts was yelling, "He's got a gun, he's got a gun." Appellant took a step backwards and Roscoe said, "Are you f-----g kidding me?" Appellant told him that times were hard and Roscoe reached into his pocket and pulled out his wallet. When Appellant reached for it, Roscoe dropped the wallet, grabbed Appellant's left hand with one hand, and grabbed the gun with the other. As they struggled for the gun, Appellant was bent forward with his head down such that he could only see the pavement. The gun discharged next to Appellant's head even though he had not pulled back the hammer and his finger was not on the trigger. Appellant got scared when the gun fired by his head, and although he squeezed the trigger several times, he did not aim the gun at Roscoe. He quit firing when Roscoe let go of him and fell, and Appellant immediately ran back to the car. He took off the hoody and threw it down because he thought someone was following him. Appellant told the jury that although he had committed an act clearly dangerous to human life, he did not intend to cause Roscoe's death. The jury found Appellant guilty of the lesser included offense of murder.

# IMPROPER IMPEACHMENT

In two related points of error, Appellant contends that the trial court erred by denying his motions for mistrial when the prosecutor improperly impeached him by asking him the details about a prior conviction. The State responds that the trial court's instructions to disregard were sufficient to prevent the jury from being unfairly prejudiced against Appellant.

*Standard of Review*

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). A trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. *Id.* The asking of an improper question will seldom call for a mistrial because, in most cases, any harm can be cured by an instruction to disregard. *Id.* A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. *Id.* We review the trial court's denial of a request for mistrial under an abuse of discretion standard. *Id.* To determine whether a trial court abused its discretion in denying a defendant's motion for a mistrial, we consider three factors: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the trial court); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004).

*Question Regarding Revocation*

Appellant's first point of error relates to the following exchange during the prosecutor's cross-examination of Appellant:

Q: Let's talk about your criminal history, Arnold. In case number 0825155, which was in Criminal District Court Number Two of Tarrant County, you were convicted of the offense of theft from person; isn't that correct?

A: Yes, ma'am.

Q: In that offense, on the 1st day of November 2001, you unlawfully appropriated by acquiring or otherwise exercising control over property, a purse, from the person of the owner, Brenda Furry, with intent to deprive her of the property; isn't that correct?

A: Yes, ma'am.

Q: So you stole a woman's purse in 2004, right?

A: No, I stole a woman's purse in 2000.

Q: Okay.

A: I was on probation, and I didn't get the conviction until I did four years' probation, and they revoked my probation.

Q: And the reason that your probation was revoked was because your drug test came back positive, correct?

[Defense counsel]: Your Honor, I'm going to object. That's not proper impeachment. He's admitted that he's had a prior conviction.

[The Court]: Sustained.

[Defense counsel]: And I'd ask you to instruct the jury to disregard that last question.

[The Court]: The jury will disregard the last question of prosecutor.

[Defense counsel]: And I'll ask for a mistrial.

[The Court]: Denied.

Appellant asserts that the prosecutor's question apprised the jury of two criminal events which were not admissible under TEX.R.EVID. 609: Appellant's illegal use of drugs and his

violation of probation. While the prosecutor's question was improper, it does not constitute severe misconduct. The jury had already heard evidence related to Appellant's drug use because his girlfriend, Clintressa Stewart, testified without objection that they went to the apartment complex to buy a "sack" of marihuana from a man they knew as "Black" and they had purchased marihuana from him in the past. Further, it was Appellant who informed the jury through his non-responsive answer to the prosecutor's question that his probation had been revoked. The trial court immediately instructed the jury to disregard the question. On appeal, we generally presume that the jury followed the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005). The presumption is rebutable, but the appellant must point to evidence that the jury failed to follow the trial court's instructions. *Id.* Given that the jury found Appellant guilty of the lesser-included offense of murder, it is readily apparent that the jury found Appellant's testimony credible. We conclude that the prosecutor's question did not cause him any prejudice which could not be cured by the court's prompt instruction to disregard. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex.Crim.App. 2000)("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses."). Finally, there is substantial evidence supporting the murder conviction. In addition to the physical evidence which linked Appellant to the crime, Stewart testified that Appellant told her he had shot someone, Appellant admitted that he pulled the gun's trigger several times as he and Roscoe struggled over the gun, and he stopped shooting only when Roscoe let go of him. We conclude that the trial court did not abuse its discretion by denying the motion for mistrial. Point of Error One is overruled.

*Question Regarding Prior Conviction*

In Point of Error Two, Appellant argues that the court abused its discretion by denying his motion for mistrial when the prosecutor asked Appellant the following question about his prior theft conviction: "And in that case, that involved you taking something from someone that didn't belong to you, correct?" The trial court sustained Appellant's objection that it was improper impeachment, instructed the jury to disregard the prosecutor's question, but denied the motion for mistrial. The State first responds that there was no prejudicial effect from the question because the jury had just heard evidence that the prior theft conviction involved Appellant taking a woman's purse without her consent. Even if the question had some prejudicial effect, we presume that the jury followed the trial court's instruction to disregard it. *See Thrift*, 176 S.W.3d at 224. Again, we observe that the jury's decision to acquit Appellant of capital murder and find him guilty of the lesser-included offense of murder indicates that the jury found Appellant's testimony credible. Under these facts, we cannot conclude that the prosecutor's question resulted in incurable prejudice. Point of Error Two is overruled.

## LESSER INCLUDED OFFENSE OF MANSLAUGHTER

In his final point of error, Appellant argues that the trial court erred by refusing to submit a jury charge on the lesser included offense of manslaughter. A trial court's decision to submit or deny an instruction on a lesser-included offense is reviewed for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex.Crim.App. 2004). The Texas Code of Criminal Procedure provides that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM.PROC.ANN. art. 37.09(1)(West 2006). We utilize a two-pronged test to determine whether a charge on a lesser-included offense should be given: (1) Is the requested charge for a lesser-included offense of the charged offense? (2) Is there trial evidence that

supports giving the instruction to the jury? *Rice v. State*, 333 S.W.3d 140, 144 (Tex.Crim.App. 2011); *McKinney v. State*, 207 S.W.3d 366, 370 (Tex.Crim.App. 2006).

The first step is to determine whether the lesser-included offense is included within the proof necessary to establish the offense charged. *Rice*, 333 S.W.3d at 144; *Hall v. State*, 225 S.W.3d 524, 531 (Tex.Crim.App. 2007). This is a question of law, and it does not depend on the evidence to be produced at trial. *Rice*, 333 S.W.2d at 144. Texas has adopted the cognate pleadings approach to the first step of the lesser included offense analysis: "the elements and the facts alleged in the charging instrument are used to find lesser-included offenses." *Rice*, 333 S.W.3d at 144, *quoting Hall*, 225 S.W.3d at 535. The first prong is satisfied if the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex.Crim.App. 2009).

The indictment alleged that Appellant, during the course of committing or attempting to commit a robbery, intentionally caused the death of Brian Keith Roscoe. *See* TEX.PENAL CODE ANN. § 19.03(a)(2)(West Supp. 2011). A person commits manslaughter if he recklessly causes the death of an individual. TEX.PENAL CODE ANN. § 19.04 (West 2011). Manslaughter is a lesser included offense of capital murder. *Mathis v. State*, 67 S.W.3d 918, 925 (Tex.Crim.App. 2002).

The second step of the lesser-included-offense analysis is to determine if there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Rice*, 333 S.W.3d at145; *Mathis*, 67 S.W.3d at

- 8 -

925. In other words, the evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *Rice*, 333 S.W.3d at 145; *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App. 2000). If facts are elicited during trial that raise an issue of the lesser-included offense, and the charge is properly requested, then a charge must be given. *Ross v. State*, 861 S.W.2d 870, 877 (Tex.Crim.App. 1993)(op. on reh'g.).

To raise the issue of manslaughter, the trial record must contain evidence of lack of intent to kill and evidence that appellant acted recklessly. *Mays v. State*, 318 S.W.3d 368, 387 (Tex.Crim.App. 2010); *Arnold v. State*, 234 S.W.3d 664, 673 (Tex.App.--Houston [14th Dist.] 2007, no pet.). A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. TEX.PENAL CODE ANN. § 6.03(c)(West 2011). There must be affirmative evidence in the record that when Appellant pulled the gun's trigger four times that (1) he did not intend to cause death or know that death was reasonably certain to occur; and (2) he consciously disregarded the risk that he would cause death. *See Mays*, 318 S.W.3d at 387.

In support of his argument that he acted recklessly, Appellant points to his testimony that he did not aim the gun at Roscoe, he did not pull back the hammer, he did not have his finger on the trigger when the first shot was fired, and he did not intend to harm or kill Roscoe. Appellant admitted squeezing the trigger the other four times the weapon discharged. He specifically testified that he committed an act clearly dangerous to human life by shooting the gun and he knew when he fired the gun that Roscoe was right in front of him and would be hit by the gunfire. He also knew that a single shot could kill a person. Appellant testified that he stopped shooting the gun only when Roscoe let go of him and fell to the ground. Appellant's statements that he did not aim at Roscoe or intend to harm or kill him are not considered in a vacuum but

must be considered with his testimony that he pulled the trigger four times knowing that Roscoe would be hit by the gunfire and it takes only one shot to kill a person. Appellant's testimony certainly raises the lesser included offense of murder under Section 19.02(b)(1)[1] but it does not show that Appellant acted only recklessly. *See Arnold*, 234 S.W.3d at 672-73 (evidence did not warrant instruction on lesser included offense of manslaughter in murder prosecution; defendant's isolated statements that he was not aiming gun at victim and did not intend to kill victim did not constitute evidence upon which a jury could rationally find that defendant's actions were merely reckless where defendant testified that he intentionally fired the weapon at the victim). The trial court did not err by denying the requested instruction. We overrule Point of Error Two and affirm the judgment of the trial court.

April 4, 2012

_____

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

---

[1] A person commits murder if he intentionally or knowingly causes the death of an individual. TEX.PENAL CODE ANN. § 19.02(b)(1)(West 2011). A person acts knowingly if he is aware his conduct is reasonably certain to cause the result. TEX.PENAL CODE ANN. § 6.03(b)(West 2011).