COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

DAVID RAY CARTER,

§

Appellant,

§

v.

§

THE STATE OF TEXAS,

§

Appellee.

§

§

§

No. 08-11-00025-CR

Appeal from the

78th Judicial District Court

of Wichita County, Texas

(TC# 50,234-B)

## **O P I N I O N**

David Ray Carter ("Appellant" or "Carter") appeals his conviction for aggravated sexual assault of a child under the age of six arguing that the trial court erred when it denied his request for a jury instruction on the lesser-included offense of indecency with a child by contact.[1]   We affirm.

## **BACKGROUND**

In August 2009 a child made an outcry to her aunt, H.E., that Carter put his sexual organ in the child's mouth.[2]   The next day, H.E. and other family members took the child to a child advocacy center for a forensic interview.   Following the interview, Wichita Falls Police Department Detective R.P. contacted Carter and requested that he come to the police station for an interview.   Carter agreed to meet with the Detective and was confronted with the child's allegations.   Carter repeatedly denied that he had put his penis in the child's mouth, but he did

---

[1] This cause was transferred from the Second Court of Appeals to this Court pursuant to a docket equalization order entered by the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).   We have applied precedent of the Fort Worth Court of Appeals.   *See* TEX. R. APP. P. 41.3.

[2] At trial, the child was identified by Pseudonym Number 09-080304.   We refer to her herein as "the child."   For privacy reasons, we refer to all other individuals by their initials.

admit that the child had touched and kissed his penis. He also admitted that he was aroused by the contact but denied that he ejaculated. Carter's statement was recorded by Detective R.P. and was admitted into evidence at trial.

Carter was subsequently arrested and indicted for the offense of aggravated sexual assault of a child under the age of six.[3] Specifically, the State alleged that Carter caused the mouth of the child to contact Carter's sexual organ. Carter pleaded not guilty and the case proceeded to a trial. The jury convicted Carter and sentenced him to twenty-five years in the custody of the Texas Department of Criminal Justice, Institutional Division.[4]

During the charge conference, Carter requested two lesser-included offense instructions. One for indecency with a child by contact and one for indecency with a child by exposure. The trial court denied both instructions.

As noted above, Carter contends that "[t]he trial court committed reversible error when it denied Appellant's request to include his submitted instruction on the offense of indecency with a child as a lesser-included offense of aggravated sexual assault."[5] The State counters that because "there is no evidence that [Carter] is guilty only of indecency with a child by contact," he was not entitled to a lesser-included offense instruction.

**STANDARD OF REVIEW**

---

[3] *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(v) and (2)(B) (West Supp. 2012).

[4] *See* TEX. PENAL CODE ANN. § 22.021(f)(1) (minimum term of 25 years if victim is younger than six years of age at the time of the offense) (West Supp. 2012). Here, the child was five years old at the time of the offense.

[5] In his brief, Carter states that the trial court also denied his requested jury instruction as to the lesser-included offense of indecency with a child by exposure. However, other than noting the trial court's denial of his request for an instruction, he makes no argument in support of this contention. The only issue raised in Appellant's brief relates to the trial court's denial of his lesser-included offense instruction for the offense of indecency with a child by contact.

2

A trial court's decision to submit or deny an instruction on a lesser-included offense is reviewed for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex.Crim.App. 2004). The Texas Code of Criminal Procedure provides that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). We utilize a two-pronged test to determine whether a charge on a lesser-included offense should be given: (1) Is the requested charge for a lesser-included offense of the charged offense? (2) Is there trial evidence that supports giving the instruction to the jury? *Rice v. State*, 333 S.W.3d 140, 144 (Tex.Crim.App. 2011); *McKinney v. State*, 207 S.W.3d 366, 370 (Tex.Crim.App. 2006).

The first step is to determine whether the lesser-included offense is included within the proof necessary to establish the offense charged. *Rice*, 333 S.W.3d at 144; *Hall v. State*, 225 S.W.3d 524, 531 (Tex.Crim.App. 2007). This is a question of law, and it does not depend on the evidence to be produced at trial. *Rice*, 333 S.W.3d at 144. Texas has adopted the cognate pleadings approach to the first step of the lesser-included offense analysis: "the elements and the facts alleged in the charging instrument are used to find lesser-included offenses." *Rice*, 333 S.W.3d at 144, *quoting Hall*, 225 S.W.3d at 535. The first prong is satisfied if the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex.Crim.App. 2009).

3

The indictment alleged that Carter intentionally or knowingly caused the mouth of the child to contact the sexual organ of the defendant and that the child was younger than six years of age. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(v) and (2)(B) (West Supp. 2012). A person commits indecency with a child by contact if, with a child younger than 17 years of age, he engages in sexual contact with the child or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Indecency with a child by contact is a lesser-included offense of aggravated sexual assault of a child where both offenses are predicated on the same act. *Evans v. State*, 299 S.W.3d 138, 143 (Tex.Crim.App. 2009).

The second step of the lesser-included-offense analysis is to determine if there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty <u>only</u> of the lesser-included offense. *Rice*, 333 S.W.3d at145; *Mathis v. State*, 67 S.W.3d 918, 925 (Tex.Crim.App. 2002) (emphasis added). In other words, the evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *Rice*, 333 S.W.3d at 145; *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App. 2000). If facts are elicited during trial that raise an issue of the lesser-included offense, and the charge is properly requested, then a charge must be given. *Ross v. State*, 861 S.W.2d 870, 877 (Tex.Crim.App. 1993) (op. on reh'g.).

The essential elements of aggravated sexual assault are set forth in section 22.021(a)(1)(B)(v) of the Texas Penal Code. A person commits an offense if the person intentionally or knowingly causes the mouth of a child to contact the anus or sexual organ of another person, including the actor and (2)(B) the victim is younger than 14 years of age. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(v) and (2)(B). The essential elements of indecency

4

with a child by contact are found in section 21.11(a)(1). A person commits an offense if, with a child younger than 17 years, whether the child is of the same or opposite sex, the person engages in sexual contact with the child or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1). Obviously, the difference between the two statutes is the aggravating factor, specifically that the victim be younger than 14 years of age for the offense of aggravated sexual assault.

Here, Carter does not dispute that the child's mouth came into contact with his penis. As a result of that admission Carter could have been found guilty, beyond a reasonable doubt, of both aggravated sexual assault and indecency with a child by contact. In other words, the evidence in the case would not have permitted the jury to rationally find that, if Carter was guilty, he was guilty only of the offense of indecency with a child by contact. *See Rice*, 333 S.W.3d at 145; *Mathis*, 67 S.W.3d at 925 (emphasis added). Because Carter is unable to satisfy the second prong of the *Hall* analysis, the trial court did not abuse its discretion by denying Carter's request for a lesser-included offense instruction on indecency with a child by contact.

Finally, Carter also contends that because the child, rather than he caused the contact between Carter's penis and the child's mouth, no rational jury could have convicted him of aggravated sexual assault. In practical effect, Carter is arguing, without having briefed the issue, that the evidence in the case was legally insufficient to support his conviction because he did not *cause* the child's mouth to contact his sexual organ. We are not persuaded. Carter's sole issue is overruled.

### CONCLUSION

Having overruled Carter's sole issue, the judgment of the trial court is affirmed.

December 21, 2012                    CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)