COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 DAVID RAY CARTER,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-11-00025-CR
  
 Appeal from the
  
 78th
 Judicial District Court
  
 of Wichita
 County, Texas
  
 (TC# 50,234-B)
  
 
 


 

O
P I N I O N

            David Ray Carter (“Appellant” or “Carter”) appeals
his conviction for aggravated sexual assault of a child under the age of six arguing
that the trial court erred when it denied his request for a jury instruction on
the lesser-included offense of indecency with a child by contact.[1]  We affirm. 

Background

In August 2009 a child made an outcry to her
aunt, H.E., that Carter put his sexual organ in the child’s mouth.[2]  The next day, H.E. and other family members
took the child to a child advocacy center for a forensic interview.  Following the interview, Wichita Falls Police
Department Detective R.P. contacted Carter and requested that he come to the
police station for an interview.  Carter
agreed to meet with the Detective and was confronted with the child’s
allegations.  Carter repeatedly denied
that he had put his penis in the child’s mouth, but he did admit that the child
had touched and kissed his penis.  He
also admitted that he was aroused by the contact but denied that he
ejaculated.  Carter’s statement was
recorded by Detective R.P. and was admitted into evidence at trial.

            Carter was subsequently
arrested and indicted for the offense of aggravated sexual assault of a child
under the age of six.[3]  Specifically, the State alleged that Carter
caused the mouth of the child to contact Carter’s sexual organ.  Carter pleaded not guilty and the case
proceeded to a trial.  The jury convicted
Carter and sentenced him to twenty-five years in the custody of the Texas
Department of Criminal Justice, Institutional Division.[4]

            During the charge
conference, Carter requested two lesser-included offense instructions.  One for indecency with a child by contact and
one for indecency with a child by exposure. 
The trial court denied both instructions.

            As noted above, Carter
contends that “[t]he trial court committed reversible error when it denied
Appellant’s request to include his submitted instruction on the offense of indecency
with a child as a lesser-included offense of aggravated sexual assault.”[5]  The State counters that because “there is no
evidence that [Carter] is guilty only of indecency with a child by contact,” he
was not entitled to a lesser-included offense instruction.

Standard of Review

A trial court’s decision to submit or deny
an instruction on a lesser-included offense is reviewed for an abuse of
discretion.  Threadgill v. State, 146 S.W.3d 654, 666 (Tex.Crim.App. 2004).  The Texas Code of Criminal Procedure provides
that an offense is a lesser-included offense if “it is established by proof of
the same or less than all the facts required to establish the commission of the
offense charged.” Tex. Code Crim. Proc. Ann.
art. 37.09(1) (West 2006).  We utilize a
two-pronged test to determine whether a charge on a lesser-included offense
should be given:  (1) Is the requested
charge for a lesser-included offense of the charged offense? (2) Is there trial
evidence that supports giving the instruction to the jury?  Rice v.
State, 333 S.W.3d 140, 144 (Tex.Crim.App. 2011); McKinney v. State, 207 S.W.3d 366, 370 (Tex.Crim.App. 2006).

The first step is to determine whether the
lesser-included offense is included within the proof necessary to establish the
offense charged.  Rice, 333 S.W.3d at 144; Hall
v. State, 225 S.W.3d 524, 531 (Tex.Crim.App. 2007).  This is a question of law, and it does not
depend on the evidence to be produced at trial.  Rice,
333 S.W.3d at 144.  Texas has adopted the
cognate pleadings approach to the first step of the lesser-included offense
analysis:  “the elements and the facts
alleged in the charging instrument are used to find lesser-included
offenses.”  Rice, 333 S.W.3d at 144, quoting
Hall, 225 S.W.3d at 535.  The first
prong is satisfied if the indictment for the greater-inclusive offense
either:  (1) alleges all of the elements
of the lesser-included offense, or (2) alleges elements plus facts (including
descriptive averments, such as non-statutory manner and means, that are alleged
for purposes of providing notice) from which all of the elements of the
lesser-included offense may be deduced.  Ex parte Watson, 306 S.W.3d 259, 273
(Tex.Crim.App. 2009).

The indictment alleged that Carter
intentionally or knowingly caused the mouth of the child to contact the sexual
organ of the defendant and that the child was younger than six years of age.  See
Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(v) and
(2)(B) (West Supp. 2012).  A person
commits indecency with a child by contact if, with a child younger than 17
years of age, he engages in sexual contact with the child or causes the child
to engage in sexual contact.  Tex. Penal Code Ann. § 21.11(a)(1) (West 2011).  Indecency
with a child by contact is a lesser-included offense of aggravated sexual
assault of a child where both offenses are predicated on the same act.  Evans
v. State, 299 S.W.3d 138, 143 (Tex.Crim.App. 2009).

            The second step of the lesser-included-offense
analysis is to determine if there is some evidence in the record which would
permit a jury to rationally find that, if the defendant is guilty, he is guilty
only of the lesser-included offense. 
Rice, 333 S.W.3d at145; Mathis v. State, 67 S.W.3d 918, 925
(Tex.Crim.App. 2002) (emphasis added). 
In other words, the evidence must establish the lesser-included offense
as a valid, rational alternative to the charged offense.  Rice,
333 S.W.3d at 145; Wesbrook v. State,
29 S.W.3d 103, 113 (Tex.Crim.App. 2000). 
If facts are elicited during trial that raise an issue of the
lesser-included offense, and the charge is properly requested, then a charge
must be given.  Ross v. State, 861 S.W.2d 870, 877 (Tex.Crim.App. 1993) (op. on
reh’g.).

The essential elements of aggravated sexual
assault are set forth in section 22.021(a)(1)(B)(v) of the Texas Penal
Code.  A person commits an offense if the
person intentionally or knowingly causes the mouth of a child to contact the
anus or sexual organ of another person, including the actor and (2)(B) the
victim is younger than 14 years of age.  Tex. Penal Code Ann. §§
22.021(a)(1)(B)(v) and (2)(B).  The
essential elements of indecency with a child by contact are found in section 21.11(a)(1).
 A person commits an offense if, with a
child younger than 17 years, whether the child is of the same or opposite sex,
the person engages in sexual contact with the child or causes the child to
engage in sexual contact.  Tex. Penal Code Ann. § 21.11(a)(1).  Obviously, the difference between the two
statutes is the aggravating factor, specifically that the victim be younger
than 14 years of age for the offense of aggravated sexual assault.

Here, Carter does not dispute that the
child’s mouth came into contact with his penis. 
As a result of that admission Carter could have been found guilty,
beyond a reasonable doubt, of both aggravated sexual assault and indecency with
a child by contact.  In other words, the
evidence in the case would not have permitted the jury to rationally find that,
if Carter was guilty, he was guilty only of the offense of indecency
with a child by contact.  See Rice,
333 S.W.3d at145; Mathis, 67 S.W.3d
at 925 (emphasis added).  Because Carter
is unable to satisfy the second prong of the Hall analysis, the trial court did not abuse its discretion by
denying Carter’s request for a lesser-included offense instruction on indecency
with a child by contact.

Finally, Carter also contends that because the
child, rather than he caused the contact between Carter’s penis and the child’s
mouth, no rational jury could have convicted him of aggravated sexual assault.  In practical effect, Carter is arguing,
without having briefed the issue, that the evidence in the case was legally
insufficient to support his conviction because he did not cause the child’s mouth to contact his sexual organ.  We are not persuaded.  Carter’s sole issue is overruled.

Conclusion

Having overruled Carter’s sole issue, the
judgment of the trial court is affirmed.

 

 

December 21, 2012                                         CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]
This cause was transferred from the Second Court of Appeals to this Court
pursuant to a docket equalization order entered by the Texas Supreme Court.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).  We have applied precedent of the
Fort Worth Court of Appeals.  See Tex.
R. App. P. 41.3.

 





[2]
At trial, the child was identified by Pseudonym Number 09-080304.  We refer to her herein as “the child.”  For privacy reasons, we refer to all other
individuals by their initials.

 





[3]
See Tex.
Penal Code Ann. §§ 22.021(a)(1)(B)(v) and (2)(B) (West Supp. 2012).

 





[4]
See Tex.
Penal Code Ann. § 22.021(f)(1) (minimum term of 25 years if victim is
younger than six years of age at the time of the offense) (West Supp. 2012).  Here, the child was five years old at the time
of the offense.

 





[5]
In his brief, Carter states that the trial court also denied his requested jury
instruction as to the lesser-included offense of indecency with a child by
exposure.  However, other than noting the
trial court’s denial of his request for an instruction, he makes no argument in
support of this contention.  The only
issue raised in Appellant’s brief relates to the trial court’s denial of his
lesser-included offense instruction for the offense of indecency with a child
by contact.