

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1635-12

**THE STATE OF TEXAS**

**v.**

**MARK MERU, Appellee**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

**PRICE, J., filed a concurring opinion.**

### CONCURRING OPINION

I join the Court's opinion.

The determination whether to give a jury instruction authorizing conviction for a

lesser-included offense involves two steps.[1]   The first step inquires, as a matter of law,

whether the elements of the lesser offense are fully embraced by the charging instrument of

---

[1]   *E.g.*, *Guzman v. State*, 188 S.W.3d 185, 188-89 (Tex. Crim. App. 2006).

the greater offense.[2]   In *Hall v. State*, we finally settled upon the so-called "cognate pleadings" analysis for making this initial determination.[3]  As later elaborated in *Ex parte Watson*, by this analysis a lesser offense is said to be included within the charged offense if all of its statutory elements are expressly set out by, or may be deduced from descriptive averments within, the charging instrument alleging the greater offense.[4]  If the lesser offense is regarded as an available "included" offense within the charged offense as a matter of law, then the second question arises, which depends upon the evidence presented and inquires whether a rational jury could find the accused guilty only of the lesser offense.[5]

Although the Court does not spell it out in any detail, I imagine that the argument for criminal trespass as a lesser-included offense of burglary as pled in the indictment in this case would proceed in this way:  The indictment simply alleges that the appellee "did then and there . . . enter a habitation," without specifying how that entry was achieved, much less whether it constituted intrusion of the entire body or just a part of it.  No matter, however.  Either way the indictment suffices to allege a burglary, since intrusion of the entire body necessarily encompasses intrusion of a part of the body.  Moreover, nothing in the language

---

[2]

*Id.*

[3]

225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

[4]

306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (opinion on reh'g).

[5]

*Guzman*, 188 S.W.3d at 188-89.

of the indictment necessarily *rules out* a theory of prosecution that would involve intrusion of the entire body, and perforce, intrusion of a part of the body. Without more, it could certainly be argued that the bare allegation of "enter" in a burglary indictment potentially subsumes—at least it does not manifestly *exclude*—the elemental "entry" in the criminal trespass statute.

It might be different, the argument might continue, had the State pled more specifically in the indictment, in keeping with the statutory definition of "enter" in the burglary statute, that the appellee perpetrated the burglary by intruding *only* a "part of [his] body" onto the premises.[6] In that event, the State would have a compelling argument under the cognate pleadings analysis that criminal trespass was unavailable to the appellee as a lesser-included offense. In the absence of such specificity of pleading, however (and given the likelihood, as an empirical matter, that far more burglaries are perpetrated by intrusion of the entire body onto the premises than by partial bodily intrusion), the lesser-included offense of criminal trespass is available on the basis of a burglary indictment that contains a bare allegation of "entry."

But this is decidedly *not* the way that we have typically implemented the cognate pleadings analysis since *Hall* and *Watson*. Instead, we have consistently said that the descriptive-averment language from the indictment charging the greater offense must be the "functional equivalen[t]" to the elemental language from the statute defining the lesser

---

[6] TEX. PENAL CODE § 30.02(b)(1).

offense before it may be said that the lesser offense is "included" within the greater.[7] And

by "functional equivalent," we have meant that the language of the indictment explicitly

operates to commit the State to prove the greater offense in such a way that it will also

*necessarily* prove the element required by the statute defining the lesser offense.[8] For

example, in *Rice v. State*, the indictment alleged that the appellant committed aggravated

assault with a deadly weapon by "use" of "a motor vehicle[.]"[9] Rice argued that the trial

court erred to refuse his requested instruction on the lesser-included offense of reckless

driving, and the court of appeals agreed.[10] We reversed the judgment of the court of appeals,

however, holding that the allegation in the indictment that the appellant "used" the motor

vehicle did not commit the State to proving that the appellant necessarily *drove* it, as would

be required to prove the lesser offense.[11] "As the State correctly points out," we observed,

---

[7] *Farrakhan v. State*, 247 S.W.3d 720, 724 (Tex. Crim. App. 2008); *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010); *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011).

[8] *See McKithan*, 324 S.W.3d at 593 ("The relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense."); *id*. at 594 (Cochran, J., concurring) ("The State will not necessarily prove that the defendant intended to physically contact the victim in an offensive manner as it proves that he intended to cause her bodily injury."); *Rice*, 333 S.W.3d at 145-46 (same) (quoting *McKithan*, *supra*, at 593).

[9] *Rice*, 333 S.W.3d at 142.

[10] *Id*.

[11] *Id*. at 145.

"driving might be the most common manner in which aggravated assault with a deadly weapon, namely a motor vehicle, may occur, but it is certainly not the only one."[12]

In this case, the State's bare allegation of "entry" in the indictment charging the appellee with burglary did not commit the State to proving that he entered the premises with his entire body. Such a bare allegation could serve only to direct the appellee to the statutory definition of "enter" in the burglary statute itself, and that would have notified him that proof that he entered the premises with any part of his body was all that was necessary for the State to convict him of that offense.[13] Moreover, the fact that entry with the entire body "might be the most common manner" by which burglaries occur does not change the calculus, any more than the fact that most uses of a motor vehicle involve driving affected our conclusion

---

[12] *Id*. at 147.

[13] In *Salazar v. State*, 284 S.W.3d 874 (Tex. Crim. App. 2009), we similarly resorted to definitions in the Penal Code to determine that an element of the burglary offense that was charged in the indictment "inherently" contained an element of criminal trespass. *Id*. at 876-77. The indictment alleged that Salazar committed burglary of a habitation. *Id*. at 875. Salazar argued that he should have been granted a jury charge instruction on the lesser-included offense of criminal trespass on the theory that he "had notice that the entry was forbidden[.]" *Id*. at 876 (citing TEX. PENAL CODE § 30.05(a)(1)). We held that Salazar was given notice that entry was forbidden by virtue of the bare pleading that he had entered a "habitation," reasoning that the statutory definition of habitation served "inherently [to provide] notice that entry is forbidden." *Id*. at 878; *see* TEX. PENAL CODE § 30.01(1) ("'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons . . ."). But that statutory definition appeared nowhere in the indictment. If a statutory definition that is not included in an indictment may nonetheless be consulted to support a conclusion that what is alleged in the indictment inherently includes an element of a lesser offense (so as to justify submission of that offense to the jury as a lesser-included offense), then I do not see why a statutory definition not included in the indictment may not also be consulted to support a conclusion that the indictment allegation does *not* include an element of the lesser offense.

in *Rice*.[14]  Consistent with our post-*Hall* opinions, the Court is correct to hold, utilizing the cognate pleadings analysis,  that the appellee has failed to satisfy the first step of the test for determining the availability of a lesser-included offense instruction.[15]

Though she concludes that the appellee has satisfied the first step, Judge Alcala would nonetheless reverse the trial court and the court of appeals.[16]  She would do so on the basis of her further conclusion, under the *second* step of the analysis for determining the availability of lesser-included offense instructions, that a rational jury could not have found

---

[14]

333 S.W.3d at 147.

[15]

A defendant who desires a lesser-included offense instruction for criminal trespass may yet have some recourse.  Faced with a burglary indictment merely alleging "entry," he may seek greater specificity via a motion to quash for lack of critical notice, asking for clarification whether the State intends to prove that element by virtue of evidence that he intruded upon the premises with his whole body or no more than a part. *See* TEX. CODE CRIM. PROC. art. 21.11 (indictment must be sufficient "to enable a person of common understanding to know what is meant," and must provide "that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment").  We have held that an indictment alleging burglary need not specify whether the "entry" occurred by virtue of the intrusion of "any part of the body" versus "any physical object connected with the body"—the two statutorily defined manner and means of "entry" under the burglary statute. *Marrs v. State*, 647 S.W.2d 286, 289-90 (Tex. Crim. App. 1983); TEX. PENAL CODE § 30.02(b).  I do not think our holding in *Marrs* controls the question whether, in the face of a motion to quash, the State would have to specify in the indictment whether the accused intruded upon the premises with only a part of his body rather than his entire body.  Even if we thought *Marrs* did control, we might choose to revisit that issue in light of *Hall* and *Watson*.  In any event, whether such a motion to quash would ultimately be well taken is beyond the bounds of the instant case. The result of the cognate pleadings analysis (as we have previously construed it) should be the same, however counter-intuitive or unpalatable that result may seem.

[16]

Judge Alcala's Concurring Opinion.

the appellee guilty *only* of criminal trespass.[17]  Because I disagree that the appellee has

satisfied the first step, I need not address the second step.  Even so, I am compelled to

register my serious doubts.    After all, "[a]nything more than a scintilla of evidence is

sufficient to entitle a defendant to a lesser charge."[18]  What Judge Alcala finds lacking in this

case is any evidence to support a finding that the appellee intruded anything more than a

portion of his body—enough to simply break the plane of the doorway—into the apartment.

I disagree.[19]

The victim, Trevino, testified that the front door to his apartment was locked.  He was

in his bathroom when he heard the crash of the door being forced open.  He "proceeded" to

investigate.  It typically takes him "ten seconds to walk from [his] bathroom to the front

---

[17]

*Id.* at 8-9.

[18]

*Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)).

[19]

There is, moreover, a serious question whether the Court should even address this particular question for the first time in a petition for discretionary review.  Mistakenly concluding that this Court's opinion in *Goad* disposed of the issue whether criminal trespass is a lesser-included offense of burglary as alleged in the indictment, the court of appeals never addressed whether the jury could rationally have found "entry" for purposes of criminal trespass while necessarily rejecting "entry" for purposes of burglary.  *See State v. Meru*, No. 13-12-00223-CR, 2012 WL 5292924 (Tex. App.—Corpus Christi Oct. 25, 2012) (mem. op., not designated for publication).  In our capacity as a discretionary review court, we ordinarily limit ourselves to reviewing "decisions" of the courts of appeals.  *Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013).  There are exceptions to this practice, of course, but we typically invoke them only "when the proper resolution of the remaining issue is clear[.]"  *Id*. at 691-92.  As I trust what follows in the text will demonstrate, Judge Alcala's resolution of the remaining issue is anything but clearly proper.  The most the Court should do under these circumstances, were it to agree with Judge Alcala, is to remand the cause to the court of appeals for that court to address the issue in the first instance, subject to our potential discretionary review at a later date.

door[.]"  He was not asked at trial, nor did he volunteer, how long it took him to "proceed" to his front door on this occasion.  While a jury might infer that he must have been in a hurry because of the commotion, it was not required to draw this inference.  Once he got to the door, Trevino saw the appellee "like, ten, 15 feet away."  Later he reiterated that the appellee was "only ten feet away."

Officer Shelton, a twenty-three-year veteran of the Corpus Christi Police Department, testified that he has investigated "[s]everal thousand" burglaries in his time.  He was of the view that Trevino's door had not been kicked in, but was "pushed" open, such that "the whole door frame on the left side was pushed out[.]"  To break a door open in this "blunt fashion," he elaborated, "requires either a lot of strength or a lot of force to do, because you're -- you're pushing a larger section of the -- of the door when you do that.  It -- it doesn't -- it doesn't -- it's a lot harder to do that."  It is certainly true that Shelton also observed that "when you do that you break in the plane of the door."  But to say that the force necessary to break a door open without kicking it is *at least* sufficient to break the plane of the door—and hence, establish the partial entry that a conviction for burglary requires—is not to say that the appellee's entire body could not *also* have intruded past the plane of the door and into the apartment.

To my mind, there is more than enough evidence to support a rational jury finding that the appellee's entire body intruded into the apartment, however momentarily.  Given the degree of force involved, the time it may have taken Trevino to "proceed" from the bathroom

to the door (as long as ten seconds), and the appellee's proximity to the broken doorway when Trevino arrived (as little as ten feet), a rational jury might readily have found that the appellee's entire body was propelled through the doorway when he shouldered open the locked door of the apartment. I daresay, had the appellee been originally charged, prosecuted, and convicted on the basis of these facts for the offense of criminal trespass *simpliciter*, this Court would undoubtedly hold the evidence to be legally sufficient.

The appellee's jury could rationally have found that he entered the apartment with his entire body. Were it also to have found, as the present record would presumably support, that he lacked the requisite intent to justify a conviction for burglary,[20] it could rationally have convicted him of criminal trespass—were that an available lesser-included offense under our cognate pleadings analysis.

With these observations, I join the Court's opinion.

FILED:      November 27, 2013
PUBLISH

---

[20]

The court of appeals held that the record would support a rational jury finding of a lack of requisite intent. *Meru*, 2012 WL 5292924, at *3. Although the State challenged this holding in its second ground for discretionary review, we declined to grant that ground.