

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-528-10, PD-529-10

### AARON LEE RICE, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**MEYERS, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

Appellant was charged with two counts of aggravated assault with a deadly weapon, to-wit: a motor vehicle. A jury convicted him of both counts and sentenced him to five years' imprisonment on each charge. The sentences were suspended, and Appellant was placed on community supervision. The Dallas Court of Appeals reversed and remanded the case after concluding that the trial court erred by failing to instruct the jury on the lesser-included offense of reckless driving and that Appellant was harmed by such error. *Rice v. State*, 305 S.W.3d 900 (Tex. App.—Dallas 2010). We granted review

to determine whether the lesser-included-offense instruction should have been given when the indictment did not allege that Appellant drove a motor vehicle.

## I. FACTS[1] AND PROCEDURAL HISTORY

The victims, Kenneth Kitchens and his girlfriend Lisa Gensler, were at the Home Depot when they saw Appellant in the parking lot. Appellant believed that Kitchens owed him money for storing Kitchen's car at his scrap yard and that Kitchens had stolen property from a business associate of Appellant. A verbal altercation ensued, and Appellant drove toward the couple, gunning the engine and squealing the tires. Pedestrians had to jump out of Appellant's way, and other drivers had to slam on their brakes to avoid being hit. Kitchens and Gensler moved between parked cars. Appellant turned through empty parking spaces and drove up the next aisle, but his way was blocked by another car pulling out of a parking spot. After Appellant's second pass through the parking lot, he left.[2] Video of the entire offense was introduced as State's Exhibit 1.

Appellant was charged with two counts of aggravated assault with a deadly

---

[1] For a more detailed version of the facts, see *Rice v. State*, 305 S.W.3d 900, 903-04 (Tex. App.—Dallas 2010).

[2] At trial, Appellant testified that he saw Kitchens point at him, so he got out of his truck and asked Kitchens if he had the money that he owed him. Appellant stated that Kitchens responded by cursing at him and flashing a gang sign. Appellant then got back into his truck and peeled out. Appellant explained that he thought about running over Kitchens and Gensler, but he changed his mind. And so as he drove through the parking lot looking for them, he had no intent to hit them. He did not see the couple on his first pass through, so he made a second pass through the parking lot. Appellant asserted that he finally decided that the whole thing was "stupid" and left.

weapon. The indictments[3] alleged that Appellant did

> . . . intentionally and knowingly threaten [victim] with imminent bodily injury and [Appellant] did use and exhibit a deadly weapon, to-wit: a motor vehicle, that in the manner of its use and intended use was capable of causing death and serious bodily injury, during the commission of the assault . . . .

At trial, Appellant requested jury charge instructions on the lesser-included offenses of reckless driving[4] and attempted aggravated assault. The State opposed such instructions, and the trial court denied both requests. The jury found Appellant guilty on both counts of aggravated assault with a deadly weapon and assessed a punishment of five years' imprisonment on each charge. The sentences were suspended, and Appellant was placed on community supervision.

## II. COURT OF APPEALS

On appeal, Appellant argued that the trial court erred by denying his request to charge the jury on the lesser-included offense of reckless driving. The Dallas Court of Appeals agreed. *Rice*, 305 S.W.3d 900.

The appellate court began by properly identifying the two-step approach for analyzing whether the jury should receive a lesser-included-offense instruction. *See Ex parte Watson,* 306 S.W.3d 259 (Tex. Crim. App. 2009) (op. on reh'g); *Hall v. State*, 225

---

[3]Appellant was charged in two indictments, one for each of the two victims in the case. The indictments were identical, except for the victims' names.

[4]The Texas Transportation Code provides that a person commits the offense of reckless driving "if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE § 545.401(a).

S.W.3d 524 (Tex. Crim. App. 2007). For the first step, the court of appeals recognized the cognate-pleadings approach adopted in *Hall* and concluded that "the elements of reckless driving are included within the facts required to establish aggravated assault as charged in this case." *Rice*, 305 S.W.3d at 906. The court compared the indictment with the two applicable statutes and, in doing so, determined that the "driving" element of reckless driving was "included within the facts required to establish aggravated assault because the indictment alleged that appellant used the vehicle as a deadly weapon by the manner in which he drove it." *Id*. Also, the "reckless" element of reckless driving was included because it was a lesser culpable mental state than that required to be proven for aggravated assault. *Id*. at 906-07. For the second step of inquiry, the court of appeals held that, from the evidence presented, a rational jury could have found that if Appellant was guilty, he was guilty only of reckless driving. Therefore, the court concluded that the trial court erred in refusing the requested instruction.

The court of appeals then conducted a harm analysis. After articulating the *Almanza*[5] standard for determining whether harm resulted from a preserved error, the court held that the error in this case was harmful for two reasons. First, "the penalty for aggravated assault exceeds the penalty for reckless driving." *Id*. at 908. Second, "the jury's verdict may have been influenced by the lack of options it was given in the charge," including that it was not given the opportunity to resolve the factual dispute

---

[5]*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

regarding Appellant's intent. *Id*. Consequently, the court of appeals reversed the trial court's judgment and remanded the case.

We granted the State's petition for discretionary review challenging the court of appeals's holding that a lesser-included-offense instruction should have been provided for reckless driving. Specifically, the State's ground for review stated the following:

> An offense is only a lesser-included offense if all of its elements are included in the elements of the greater offense, as charged in the indictment. Did the court of appeals err in holding that reckless driving was a lesser-included offense of aggravated assault where the indictment did not allege that Rice drove a car?

### III. ARGUMENTS OF THE PARTIES

#### A. State's Argument

The State contends that the Dallas Court of Appeals misapplied the cognate-pleadings test set forth in *Hall* and improperly relied on evidence presented at trial to determine that reckless driving was a lesser-included offense of aggravated assault with a motor vehicle.

The State notes that to satisfy due process requirements and permit both parties to properly prepare for trial, a lesser-included offense must be determinable from the indictment, without consideration of the evidence presented at trial. Relying on *Hall* and *Watson*, the State argues that reckless driving contains an element that aggravated assault as indicted does not (i.e., driving). Although both offenses involve a vehicle, the State asserts that reckless driving requires the actual operation of a vehicle while aggravated assault as alleged in the indictment may be committed by simply exhibiting the vehicle or

by using it in a way other than driving. Thus, according to the State, it could prove the charged assault by showing that Appellant drove the vehicle, but it could have also proved it in other ways. Further, because the State alleged only that Appellant threatened the victims with injury, Appellant could have intended to use the vehicle as a weapon by driving it but not done so at the time of the threat, for example by shouting, "I'm going to run over you!" while getting into his car. Therefore, the State contends that, because it was not required to prove driving, that element of reckless driving could not be deduced solely from the indictment, and the traffic offense could not be a lesser-included offense.

Finally, the State claims that the court of appeals wrongly focused on the evidence presented at trial. It asserts that, in reaching its conclusion, the court relied on language—"by the manner in which he drove it"—that was not included in the indictment, and so to permit a lesser-included-offense instruction here would result in due process implications.

## B. Appellant's Argument

Appellant responds that the court of appeals correctly applied *Hall* and *Watson* to determine that reckless driving was a lesser-included offense of aggravated assault with a deadly weapon as charged because the element of driving could be deduced from the indictment.

Appellant argues that the State is suggesting a strict statutory approach to the analysis, which this Court has rejected. Appellant points out that the pleadings approach

looks to the elements and facts alleged in the charging instrument, and facts need not be pleaded if they can be deduced from the facts alleged. Hence, according to Appellant, the argument that the indictment must specifically allege that Appellant drove a vehicle is foreclosed by *Hall* and *Watson* because all of the statutory elements of reckless driving are contained within the elements of the indictment for aggravated assault with a motor vehicle.

In addition, Appellant contends that the court of appeals did not rely on the facts presented at trial to reach the lesser-included offense determination. Appellant notes that the indictment included the phrases "did use and exhibit a deadly weapon, to-wit: a motor vehicle" and "that in the manner of its use and intended use . . . ." He claims that driving can be deduced from this language, and he emphasizes that driving is one way by which a threat can be conveyed. Thus, Appellant maintains that the court of appeals correctly deduced that driving was included within aggravated assault as indicted and did not need to rely on the evidence at trial to reach that conclusion because the facts alleged are within the facts required to establish the driving element of reckless driving.

## IV. CASELAW

The Texas Code of Criminal Procedure provides that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. art 37.09(1). The determination of whether a lesser-included-offense instruction requested

by a defendant must be given requires a two-step analysis: (1) Is the requested charge for a lesser-included offense of the charged offense? (2) Is there trial evidence that supports giving the instruction to the jury? *Hall*, 225 S.W.3d at 535-36.

The first step of the analysis asks whether the lesser-included offense is included within the proof necessary to establish the offense charged. *Hall*, 225 S.W.3d at 531. This is a question of law, and it does not depend on the evidence to be produced at trial. *Id.* at 535. In *Hall*, we adopted the cognate-pleadings approach for this step: "the elements and the facts alleged in the charging instrument are used to find lesser-included offenses." *Id.* That principle was reaffirmed in *Ex parte Watson*, and we explained that

> An offense is a lesser-included offense of another offense . . . if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.

*Watson*, 306 S.W.3d at 273 (footnote omitted); *see also Hall*, 225 S.W.3d at 535. Some confusion resulted from language in *Hall* and *Watson* stating that an element of a lesser-included offense does not have to be alleged if it can be deduced from the language of the indictment. *McKithan v. State*, 324 S.W.3d 582 (Tex. Crim. App. 2010), aimed to clarify that language by explaining that it is not to be read too broadly because it is essentially this Court's approval of the functional-equivalence concept, which "requires courts to 'examine the elements of the lesser offense and decide whether they are functionally the

same or less than those required to prove the charged offense.'" *Id.* at 588 (quoting

*Farrakhan v. State*, 247 S.W.3d 720, 722-23 (Tex. Crim. App. 2008)).

The second step of the lesser-included-offense analysis is to determine if there is

some evidence in the record which would permit a jury to rationally find that, if the

defendant is guilty, he is guilty only of the lesser-included offense. *Guzman v. State*, 188

S.W.3d 185, 188-89 (Tex. Crim. App. 2006); *Hall*, 225 S.W.3d at 536. The evidence

must establish the lesser-included offense as "a valid, rational alternative to the charged

offense." *Hall*, 225 S.W.3d at 536; *see Segundo v. State*, 270 S.W.3d 79, 90-91 (Tex.

Crim. App. 2008).

## V. DISCUSSION/ANALYSIS

Applying the two-step framework established in *Hall*, we believe that the elements

of reckless driving are not included within the facts required to establish aggravated

assault with a deadly weapon as charged in this case.

The first step of the lesser-included offense analysis requires us to determine if

reckless driving is a lesser-included offense of aggravated assault as charged. We do not

consider the evidence that was presented at trial; rather, we consider only the statutory

elements of aggravated assault with a deadly weapon as they were modified by the

particular allegations in the indictment:

(1) the appellant

(2) intentionally and knowingly

(3) threatened [the victim] with imminent bodily injury

(4) used and exhibited a deadly weapon, to-wit: a motor vehicle

(5) that in the manner of [the motor vehicle's] use and intended use was capable of causing death and serious bodily injury.

We then compare them with the elements of the lesser offense of reckless driving that could be included in that offense:

(1) the appellant

(2) drove a vehicle

(3) in wilful or wanton disregard for the safety of persons or property.

TEX. TRANSP. CODE § 545.401(a).

Finally, we ask whether the elements of the lesser offense are "established by proof of the same or less than all the facts required to establish the commission of the offense charged"? TEX. CODE CRIM. PROC. art 37.09(1); *Hall*, 225 S.W.3d at 524. We believe they are not because the facts required to prove the lesser offense of reckless driving include one that is not the same as, or less than, those required to establish the offense charged: driving. The indictment includes no explicit indication that Appellant was driving. Consequently, the question becomes whether the element of driving can be deduced from the charging instrument. Appellant argues that driving can be inferred from the indictment, specifically the phrase "in the manner of its use and intended use," but we disagree.

There are many ways in which a vehicle could be used or exhibited as a deadly weapon. An individual may commit a statutorily distinct species of aggravated assault with a deadly weapon by locking the victim in a hot car, slamming the victim's head against the car frame, rigging the car's gas tank to explode, placing the car in neutral and allowing it to run into the victim or a building, suffocating the victim in the trunk, or running the car in an enclosed area to cause carbon monoxide poisoning. We have stated that "when the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses." *Hall*, 225 S.W.3d at 531. And in such a situation, the "relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense." *McKithan*, 324 S.W.3d at 593.

To illustrate, we determined that the requested instruction *was* for a lesser-included offense of the charged offense in *Salazar v. State*, 284 S.W.3d 874 (Tex. Crim. App. 2009). There, the appellant was charged with burglary of a habitation and requested a lesser-included-offense instruction on criminal trespass. *Compare* TEX. PENAL CODE § 30.02(a) *with* § 30.05(a). The court of appeals had held that the lesser offense included an element that the charged offense did not: notice that entry was forbidden. We reversed because the indictment's allegation of "habitation" was functionally equivalent to the allegation of notice that entry into the habitation was forbidden. *Salazar*, 284 S.W.3d at 876-78. We noted that the Texas Penal Code describes a hierarchy of properties

(unimproved land, buildings, and habitations), and habitations have an inherently higher right of privacy that generally causes one to seek permission to enter. *Id.* Therefore, it was not necessary to explicitly include the notice allegation in the indictment. *Id.* at 880.

In contrast, in *Ex parte Watson*, 306 S.W.3d 259, we concluded that the first prong of *Hall* was not met—the traffic offense of failing to yield the right of way while attempting to turn left was *not* a lesser-included offense of intoxication assault as indicted with the descriptive averment "failing to yield the right of way while turning left."[6] *Id.* at 271. *Compare* TEX. TRANSP. CODE § 545.152 *with* TEX. PENAL CODE § 49.07. Applying the cognate-pleadings approach, the traffic offense had distinct elements that were not expressly included in and could not be deduced from the indictment: that the other vehicle was "approaching from the opposite direction." *Watson*, 306 S.W.3d at 273-74. We emphasized that, while the State could have proved those facts at trial, it could also have proven a variety of other ways that the appellant failed to yield the right of way while turning left (e.g., "by failing to yield at a stop sign, a yield sign, or a traffic sign; [or] by failing to yield to traffic on a paved street when turning from an unpaved street"). *Id.* at 274 & n.22. Because the State was not required to prove the facts of the traffic offense, it was not a lesser-included offense of the charged offense. *See also McKithan*, 324 S.W.3d 582 (holding that offensive-contact assault was not a lesser-included offense of the charged offense of aggravated sexual assault because the "physical force and

---

[6]The appellant objected to the indictment on double-jeopardy grounds because he had already pled no contest to the traffic violation. *Watson*, 306 S.W.3d at 270-71.

violence" allegation of the indictment was not the functional equivalent of physical contact and the State was not required to prove physical contact to establish the "physical force and violence" allegation); *Farrakhan*, 263 S.W.3d 720 (affirming that fleeing or attempting to elude police officer was not a lesser-included offense of evading detention by use of a motor vehicle because proof of the charged evading offense may also have shown the fleeing offense but was not required to do so); *Hall*, 225 S.W.3d 524 (denying a lesser-included-offense instruction for aggravated assault by threat when the appellant was charged with committing murder by shooting the victim with a firearm because, although the trial evidence may have supported that the defendant threatened by displaying a gun, the indictment alleged neither threat nor display).

In this case, as noted previously, the indictment includes the phrases "did use and exhibit a deadly weapon, to-wit: a motor vehicle" and "that in the manner of its use and intended use," but there is no allegation, express or implied, that Appellant was driving. As the State correctly points out, driving might be the most common manner in which aggravated assault with a deadly weapon, namely a motor vehicle, may occur, but it is certainly not the only one. Although the State could have proven driving at trial, it could also have proven a variety of other means by which the car was used or exhibited that would also be classified as aggravated assault with a deadly weapon. Therefore, as in *Watson*, the State was not required to prove the facts of the traffic offense, and unlike *Salazar*, there was not a functional equivalent alleged in the indictment from which the

element of driving could be deduced. Consequently, reckless driving is not a lesser-included offense of the charged offense.

The Dallas Court of Appeals incorrectly relied on *Benge v. State*, 94 S.W.3d 31 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd), and *Kirkman v. State*, No. 09-95-059-CR, 1996 Tex. App. LEXIS 4283 (Tex. App.—Beaumont Sept. 25, 1996, no pet.) (not designated for publication), to support its erroneous conclusion that reckless driving is a lesser-included offense in the case at hand. Both of the cited cases were decided before *Hall* and *Watson,* and they fail to apply the law as it exists today. In *Benge*, the appellant faced a nearly identical indictment to that which we analyze today.[7] *Benge*, 94 S.W.3d at 35. The Houston Court of Appeals concluded that the elements of reckless driving were included within the facts required to prove aggravated assault as indicted. It explained that the driving element was included within the indictment for the charged offense because "[a]lthough the indictment does not specifically charge that appellant was driving the truck when she committed the aggravated assault, her driving is encompassed within the indictment because the State attempted to establish she used the truck as a deadly weapon by the manner in which she drove it." *Id.* This reasoning is in direct conflict with *Hall*, which requires that we limit our consideration to only the facts and descriptive averments alleged in the indictment. The court of appeals improperly relied on evidence

---

[7]The indictment provided that the appellant did "unlawfully, intentionally and knowingly threaten [the victim] with imminent bodily injury by using and exhibiting a deadly weapon, namely, a motor vehicle." *Benge*, 94 S.W.3d at 35.

presented at trial by focusing on the proof upon which the State relied to prove its case (i.e., "appellant intentionally drove the truck" at the victim). *Id.* Likewise, in *Kirkman*, the appellant faced a similar indictment,[8] and the Beaumont Court of Appeals cited to pre-*Hall* precedent. *Kirkman*, 1996 Tex. App. LEXIS 4283. The court determined that reckless driving was a lesser-included offense to a charge of aggravated assault with a motor vehicle, but it failed to explain how the driving element of reckless driving was encompassed within the language of the indictment.

We believe that the aggravated-assault indictment does not reasonably give rise to a deduction that Appellant committed all of the constituent elements of the lesser-included offense of reckless driving. Because the conduct alleged in the aggravated assault indictment was not sufficiently detailed or complete that it can reasonably be deduced that Appellant "drove the vehicle" such that he would be liable for reckless driving, it cannot be said, under *Hall*'s cognate-pleadings approach, that the traffic offense is a lesser-included offense of aggravated assault with a deadly weapon. Because we find that reckless driving is not a lesser-included offense of aggravated assault with a deadly weapon as alleged in the indictment, we need not consider the second step of *Hall*.

## VI. CONCLUSION

---

[8]The indictment stated that the appellant "did then and there intentionally and knowingly threaten imminent bodily injury to [victim], a peace officer in the lawful discharge of an official duty, knowing and having been informed at the time that [victim] was a peace officer, with the use of a deadly weapon, to wit: an automobile, that in the manner of its use and intended use was capable of causing serious bodily injury and death." *Kirkman*, 1996 Tex. App. LEXIS 4283, at *3.

The court of appeals incorrectly held that the trial court erred when it denied Appellant's request for a lesser-included-offense instruction. Reckless driving is not a lesser-included offense of aggravated assault with a deadly weapon as indicted in this case. We reverse the court of appeals and remand to the court of appeals to address the remaining issues.

Meyers, J.

Delivered: March 9, 2011

Publish