

# NUMBER 13-12-00223-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                              Appellant,

v.

MARK MERU,                                                       Appellee.

## On appeal from the 117th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Perkes
## Memorandum Opinion by Chief Justice Valdez

The State appeals from the trial court's order granting appellee, Mark Meru's, motion for new trial.[1] We affirm.

### I. BACKGROUND

---

[1] The State is entitled to appeal an order granting a new trial. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3) (West Supp. 2011).

Appellee was indicted for burglary by entering a habitation without the effective consent of the owner and with intent to commit theft.[2]  *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011) (burglary of a habitation).  Appellee was convicted by a jury, and the trial court sentenced him to 25 years in prison.  Subsequently, appellee filed a timely motion for new trial, complaining of jury misconduct and the trial court's error in refusing to give the jury his requested instruction on the lesser included offense of criminal trespass.  *See* TEX. PENAL CODE ANN. § 30.05(a)(1) (West Supp. 2011) (criminal trespass).  The trial court granted the motion for new trial based on the omission of the requested jury instruction.  The court found against appellee on his claim of jury misconduct.  This appeal ensued.

## II. ANALYSIS

### A. Applicable Law and Standard of Review

A trial judge does not have authority to grant a new trial unless the first proceeding was not in accordance with the law.  *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007).  He cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or "received a raw deal."  *Id.*  The legal grounds for which a trial court must grant a new trial are listed in Rule 21.3, but that list is illustrative, not exclusive.  *Id.* (citing TEX. R. APP. P. 21.3).  A trial court may grant a motion for new trial on other legal grounds as well.  *Id.*

Although not all of the grounds for which a trial court may grant a motion for new trial need be listed in statute or rule, the trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to one under the law.  *Id.*  To

---

[2] Appellee has not filed a brief with this Court.

2

grant a new trial for a non-legal or legally invalid reason is an abuse of discretion. *Id.* The test for abuse of discretion is as follows:

> [It] is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse.

*Id.* at 907–08.

## B.    Discussion

The State contends that appellee was not entitled to an instruction on the lesser-included offense of criminal trespass and, therefore, the trial court's granting of appellee's motion for new trial on that basis was an abuse of discretion.

The determination of whether a lesser-included-offense instruction requested by a defendant must be given requires a two-step analysis:  "(1) Is the requested charge for a lesser-included offense of the charged offense? (2) Is there trial evidence that supports giving the instruction to the jury?"  *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011).  The first step of the analysis asks whether the lesser-included offense is included within the proof necessary to establish the offense charged.  *Id.* This is a question of law, and it does not depend on the evidence to be produced at trial. *Id.*

According to the State, criminal trespass[3] is not a lesser-included offense of burglary of a habitation[4] because a criminal trespass requires that the entire body of the

---

[3]  *See* TEX. PENAL CODE ANN. § 30.05(a)(1) ("A person commits [the] offense [of criminal trespass] if the person enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft or other vehicle, without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so.").

defendant intruded into the habitation,[5] whereas a burglary is complete even on a partial intrusion.[6] Thus, according to the State, criminal trespass cannot be a lesser-included offense of burglary of a habitation because criminal trespass requires different and greater evidence than burglary of a habitation.

The State concedes that the Texas Court of Criminal Appeals has held that "[c]riminal trespass can be a lesser-included offense of burglary of a habitation." *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). In doing so, the Court noted that criminal trespass required less proof than burglary of a habitation because it did not require proof of specific intent to commit theft. *Id.* We believe that this precedent is controlling for purposes of this appeal.

Although the State is correct in noting that the Court of Criminal Appeals did not address the specific contention raised in this appeal, we believe the Court's holding is nonetheless controlling. We reach this conclusion based on the fact that in both this case and in *Goad* the indictment did not modify the essential elements of the offenses. Thus, the analysis in *Goad* which compared the elements of the offenses would be the same in this case, as would be the result of the analysis. *See Rice*, 333 S.W.3d at 144 ("[T]he elements and the facts alleged in the charging instrument are used to find lesser-included offenses."). As the Court of Criminal Appeals has explained:

> An offense is a lesser-included offense of another offense . . . if the indictment for the greater-inclusive offense either: 1) alleges all of the

---

[4] *See* TEX. PENAL CODE ANN. § 30.02(a)(1) ("A person commits [the] offense [of burglary] if, without the effective consent of the owner, the person . . . enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault[.]").

[5] *See* TEX. PENAL CODE ANN. § 30.05(b)(1)–(2) ("For purposes of [burglary of a habitation] . . . , 'enter' means to intrude: (1) any part of the body; or (2) any physical object connected with the body.").

[6] *See* TEX. PENAL CODE ANN. § 30.05(b)(1) ("For purposes of [criminal trespass] . . . '[e]ntry' means the intrusion of the entire body.").

4

elements of the lesser-included offense or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.

*Id.* (citations omitted).

Here, the indictment did not modify the element of entry for burglary of a habitation. The language of the indictment alleged all the elements of the offense of criminal trespass. Therefore, there is no basis to distinguish this case from the recent holding of the Texas Court of Criminal Appeals in *Goad*, where there was also no indication that the indictment had modified the essential elements of the offense with respect to entry. *See Goad*, 354 S.W.3d at 446.

Accordingly, we turn to the second step of the inquiry, which asks: "Is there trial evidence that supports giving the instruction to the jury?" *Rice*, 333 S.W.3d at 144. As the Court of Criminal Appeals has explained:

> The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense. There must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. We consider all of the evidence admitted at trial, not just the evidence presented by the defendant. The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. However, we may not consider the credibility of the evidence and whether it conflicts with other evidence or is controverted.

*See Goad*, 354 S.W.3d at 446–47 (citations, quotations omitted).

The State argues that the evidence did not support giving the instruction because the evidence of appellee's criminal intent was clearly established. At trial, Andrew Trevino testified that at around 3:00 p.m., appellee knocked at his door, but Trevino decided not to let him in because he did not know him. When Trevino then went to use

5

the restroom, he heard a thud. He then proceeded to the front door, found that it had been broken, and saw appellee walking out to the street. When Trevino called out to ask why appellee kicked in his door, appellee claimed that someone was "looking in [Trevino's] patio, and he was there to scare them off."

According to the State, none of the evidence provided a motive for appellee to break down the door other than intent to commit theft. We disagree. The foregoing testimony provides evidence of an intent—whether credible or not—other than the intent to commit theft. We may not consider the credibility of the evidence and whether it conflicts with other evidence or is controverted. *Id.* As such, we disagree with the State's argument that the evidence did not support submission of the instruction. The State's sole issue is overruled.

### III. CONCLUSION

The order of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
25th day of October, 2012.

6