

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0560-18

### DONALD COUTHREN, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### BRAZOS COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY, and YEARY, JJ., joined.**

The evidence showed that Appellant drove a vehicle while he was intoxicated and that the vehicle collided with and seriously injured a pedestrian. I would hold that this evidence was sufficient to support a deadly weapon finding.

The Penal Code defines "deadly weapon" to include "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."[1] It seems to me indisputable that Appellant "used" his vehicle by driving it and that the manner of its use was "capable" of

---

[1] TEX. PENAL CODE § 1.07(a)(17)(B).

causing serious bodily injury because it did in fact cause serious bodily injury.

The Court seems to require a showing that Appellant drove recklessly or dangerously. I disagree with that analysis for two reasons. First, the statutory definition of "deadly weapon" has no such requirement. Second, even if it were proper for the Court to consider those factors in cases in which no injury occurred, as a matter of logic, that would not necessarily lead to the conclusion that it would be necessary in cases where there is injury.

And finally, the Court relies on *Cates v. State*[2] for the proposition that the driver's intoxication and the fact of collision are not sufficient to support a deadly weapon finding. *Cates* is distinguishable because the offense there was "failure to stop and render aid" and the collision occurred before the offense occurred.[3] The collision, therefore, could not be the basis for a finding that a deadly weapon was used during the later offense.[4] In this case, though, the collision did occur during Appellant's DWI offense, and that collision caused serious bodily injury.

I respectfully dissent.[5]

Filed: April 17, 2019
Publish

---

[2] 102 S.W.3d 735 (Tex. Crim. App. 2003).

[3] *Id.* at 738.

[4] *Id.*

[5] Regarding the State's argument that Appellant's vehicle was used as a deadly weapon after the collision, we have held that a vehicle can be a deadly weapon in any number of ways, including being used as a restraint, and that it need not even be driven to be used as a deadly weapon. *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011) ("There are many ways in which a vehicle could be used or exhibited as a deadly weapon. An individual may commit a statutorily distinct species of aggravated assault with a deadly weapon by locking the victim in a hot car, slamming the victim's head against the car frame, rigging the car's gas tank to explode, placing the car in neutral and allowing it to run into the victim or a building, suffocating the victim in the trunk, or running the car in an enclosed area to cause carbon monoxide poisoning.").