**Opinion filed July 15, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00241-CR

_____

### JOHN PAUL LAYMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 15828**

## M E M O R A N D U M   O P I N I O N

The jury convicted John Paul Layman of aggravated assault by threat with a deadly weapon and assessed his punishment at confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2019). In a single issue, Appellant asserts that the trial court erred in denying his requested jury instruction for the lesser included offense of deadly conduct. We affirm.

*Background Facts*

On October 12, 2015, Appellant, Suzann Moss Miles, and James Bailey spent the afternoon drinking Crown Royal whiskey at Bailey's house. Miles testified that she and Bailey began drinking after lunch and that Appellant arrived around 3:00 p.m. Miles testified that she and Appellant were intoxicated. The three drank for several hours, and at some point, Miles and Appellant left the house in Appellant's pickup and went to a local E-Z Mart.

At the E-Z Mart, Appellant and Miles parked at a gas pump behind Christopher McBee's vehicle. McBee, the victim in this case, testified that, while he was pumping gas into his vehicle after making a purchase inside the E-Z Mart, Appellant began "belligerently talking" to McBee through the window of the pickup. McBee testified that Appellant asked him about a purse and a wallet. McBee did not understand what Appellant was talking about and told Appellant that he "didn't care."

Miles and McBee testified that Appellant exited his pickup and approached McBee, at which point McBee went to his car to grab his keys and Appellant suddenly drew a gun on McBee. Both McBee and Miles ran from the scene after Appellant drew the gun. McBee testified that he thought Appellant approached him in an aggressive and violent manner and that he was afraid Appellant was going to steal his car.

Appellant testified that he felt threatened by McBee, and Appellant believed that McBee might have been reaching for a weapon in his car. Feeling threatened, Appellant testified that he reached for his gun, a Glock 29 10-millimeter, to defend himself. Appellant testified that, after he drew the gun, McBee "backed off and quit threatening" him and that Appellant got in his pickup and left the E-Z Mart. A short time later, Appellant returned to the E-Z Mart to pick up Miles, at which time officers with the Mineral Wells Police Department placed Appellant under arrest.

The indictment returned by the grand jury alleged that Appellant "intentionally, knowingly, or recklessly threaten[ed] to inflict bodily injury to Christopher McBee by pointing a firearm at the said Christopher McBee and [Appellant] did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault." The State later abandoned the "recklessly" allegation at trial so that the offense charged comported with the language of Section 22.01(a)(2) of the Penal Code for assault by threat. *See* PENAL § 22.01(a)(2) (West Supp. 2020).[1]

The trial court instructed the jury on the indicted offense of aggravated assault by threat with a deadly weapon and self-defense with deadly force. At the conclusion of the guilt/innocence phase of the trial, and before the charges were read to the jury, Appellant's trial counsel requested the submission of the lesser included offense of deadly conduct. The trial court denied the request, and the jury convicted Appellant of aggravated assault with a deadly weapon. This appeal followed.

*Analysis*

Appellant challenges the trial court's refusal to instruct the jury as requested by Appellant at trial. Specifically, Appellant contends that the trial court erred when it refused to instruct the jury on the lesser included offense of deadly conduct. We disagree.

We determine whether a defendant was entitled to a lesser-included-offense instruction with a two-step analysis. *Safian v. State*, 543 S.W.3d 216, 219 (Tex. Crim. App. 2018) (citing *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)); *Ybarra v. State*, 621 S.W.3d 371, 379 (Tex. App.—Eastland 2021, no pet. h.). Under the first step of the analysis, we determine if the lesser included offense

---

[1]We note that an assault by injury includes the mental state of "recklessly." *See* PENAL § 22.01(a)(1).

3

"is included within the proof necessary to establish the offense charged." *Safian*, 543 S.W.3d at 219–20; *Rice*, 333 S.W.3d at 144 (citing *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). This is a question of law that does not depend on the evidence presented at trial. *Safian*, 543 S.W.3d at 220; *Rice*, 333 S.W.3d at 144. The second step of the analysis is to determine whether there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Rice*, 333 S.W.3d at 145.

A person commits the offense of assault if he "intentionally or knowingly threatens another with imminent bodily injury." PENAL § 22.01(a)(2). An assault is elevated to aggravated assault if, while committing the assault, the person "uses or exhibits a deadly weapon." *Id.* § 22.02(a)(2). A person commits the offense of deadly conduct if "he recklessly engages in conduct that places another in imminent danger of serious bodily injury." *Id.* § 22.05(a) (West 2019). The two offenses differ in the culpable mental states, but they require the same showing of proof that the defendant engaged in conduct that placed another in danger of serious bodily injury. *See Bell v. State*, 693 S.W.2d 434, 438–39 (Tex. Crim. App. 1985).

The Texas Court of Criminal Appeals has recognized that, as a matter of law, misdemeanor deadly conduct is a lesser included offense of aggravated assault by threat with a deadly weapon. *Safian*, 543 S.W.3d at 217; *Bell*, 693 S.W.2d at 438–39. Accordingly, we must determine whether the record presents some evidence that would support a rational finding that the defendant is guilty only of the lesser included offense. *Safian*, 543 S.W.3d at 220; *Rice*, 333 S.W.3d at 145.

In our analysis, we review all of the evidence presented at trial. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993); *Ybarra*, 621 S.W.3d at 379. There must be affirmative evidence in the record that either (1) "directly refutes or negates other evidence establishing the greater offense and raises the lesser-included

offense or (2) evidence that is susceptible to different interpretations, one of which refutes or negates an element of the greater offense and raises the lesser offense." *Ritcherson v. State*, 568 S.W.3d 667, 671 (Tex. Crim. App. 2018). If there is more than a scintilla of evidence raising the lesser offense or negating or rebutting an element of the greater offense, the defendant is entitled to a lesser-offense instruction. *Id.* When making this determination, we do not consider whether the evidence is credible or has been controverted. *Whitfield v. State*, 408 S.W.3d 709, 718 (Tex. App.—Eastland 2013, pet. ref'd). The evidence must establish that the requested lesser included offense is a "valid rational alternative to the charged offense." *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008).

When the State establishes the higher culpable mental state of intentionally or knowingly, it necessarily establishes the lower mental state of recklessness. *Bell*, 693 S.W.2d at 438–39. Appellant contends that he was entitled to the deadly conduct instruction because the evidence of his intoxication reduced his culpable mental state from intentionally or knowingly to recklessly. We disagree. "Voluntary intoxication does not constitute a defense to the commission of a crime." PENAL § 8.04(a). Furthermore, evidence of intoxication "does not negate the elements of intent or knowledge." *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. [Panel Op.] 1980) (dealing with an aggravated assault by threat); *see Sakil v. State*, 287 S.W.3d 23, 28 (Tex. Crim. App. 2009) (noting that a "voluntary intoxication" jury instruction reaffirms that "the elements of the offense, including the requisite mental state, are *not* affected by any evidence of intoxication). Thus, to be entitled to the deadly conduct instruction, there must be some other evidence in the record, besides Appellant's intoxication, that would show that Appellant acted recklessly and is guilty only of the lesser offense.

Deadly conduct is a conduct-oriented offense. *Miles v. State*, 259 S.W.3d 240, 248–49 (Tex. App.—Texarkana 2008, pet. ref'd). A person acts recklessly, or is

reckless, with respect to the circumstances surrounding his conduct when "he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist. . . . The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." PENAL § 6.03(c).

The sole question in this case concerns Appellant's state of mind. Appellant testified that he had an altercation with McBee. He testified that he felt threatened by McBee, particularly when McBee appeared to be reaching for something in McBee's vehicle. Appellant stated that he went to the door of his pickup "to just make sure that [he] wasn't the one that died that night." Appellant testified that he "defended [himself]" by pulling out his gun. Simply put, there is no evidence that Appellant recklessly threatened McBee by pointing the gun at him—to the contrary, the evidence is that Appellant intentionally or knowingly pointed the gun at McBee.

On appeal, Appellant does not point to any evidence, other than his voluntary intoxication,[2] that would show he acted recklessly rather than knowingly or intentionally. Because voluntary intoxication does not constitute a defense to the commission of a crime, the evidence of Appellant's voluntary intoxication would not permit a rational jury to find that Appellant was guilty of deadly conduct but not guilty of aggravated assault by threat. *See* PENAL § 8.04(a). Because the record shows no evidence that Appellant's actions were reckless, rather than intentional or knowing, there is no evidence that, if Appellant is guilty, he is guilty only of the lesser included offense of deadly conduct. Accordingly, the trial court did not err

---

[2]In his direct testimony at trial, Appellant did not rely on his intoxication to justify his actions. On cross-examination, he stated that he was uncertain if he was intoxicated.

by denying Appellant's request for an instruction on deadly conduct as a lesser included offense. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 15, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.