# NO. 12-18-00030-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES KEMP,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Kemp appeals his conviction for continuous violence against the family. In one issue, Appellant contends that the trial court abused its discretion by not submitting to the jury the lesser included offense of assault against the family. We affirm as modified.

## BACKGROUND

Appellant was in a dating relationship with Sheydon Johnson. But as the relationship continued over the next few months, Appellant believed that Johnson was being unfaithful to him. Johnson denied Appellant's allegations of unfaithfulness, but Appellant's concerns remained.

Appellant contacted Johnson's workplace on several occasions to check on her. He next contacted the Tyler Police Department and requested a welfare check of Johnson at her workplace. An officer with the Tyler Police Department checked on Johnson, confirmed that she was well, and relayed that information to Appellant. Yet, Appellant still was concerned that Johnson was being unfaithful. So Appellant met Johnson at her workplace and transported her to a hospital. Once there, Appellant requested that Johnson undergo a sexual assault examination. Johnson refused.

Thereafter, Appellant and Johnson drove to a convenience store to buy oil for Appellant's vehicle. As he exited the convenience store, Appellant saw Johnson using her phone and heard

her phone notification, indicating that she had received a text message. Appellant asked to see her phone, but Johnson declined. Appellant called Johnson a "bitch" and punched her in her forehead. Appellant later claimed that he slipped as he tried to grab Johnson's phone, accidentally striking Johnson's forehead.

Approximately one month later, while Appellant and Johnson still were in a dating relationship, Appellant asked if he could bring food to Johnson's apartment. Johnson accepted Appellant's offer. When he arrived at Johnson's apartment, Appellant had no food and appeared to Johnson to be drunk. The two argued, and Appellant wrestled with Johnson and grabbed her. Johnson called the police, but Appellant grabbed the phone and threw it away from her, while the two continued to struggle. Eventually, Johnson got away, left her apartment, and used a neighbor's phone to call the police. Appellant left the apartment before the police arrived.

Appellant was arrested for continuous violence against the family.[1] Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged, and Appellant elected for the trial court to assess his punishment. At the punishment hearing, Appellant pleaded "true" to an enhancement allegation that he previously had been convicted of a felony.[2] Ultimately, the trial court sentenced Appellant to imprisonment for twenty years, and this appeal followed.

## LESSER INCLUDED OFFENSE

In his sole issue, Appellant contends that the trial court erred by failing to include a lesser included offense instruction on assault against the family. Specifically, Appellant asserts that he was entitled to the instruction based on evidence that he accidentally punched Johnson's forehead because he slipped as he was trying to take her phone.[3]

---

[1] *See* TEX. PENAL CODE ANN. § 25.11 (West 2011).

[2] *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2017) .

[3] Section 25.11 sets forth that a person commits an offense if, during a period that is twelve months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 22.01(a)(1) against another person or persons whose relationship to or association with the defendant is described by Sections 71.0021(b), 71.003, or 71.005 of the Texas Family Code. *See* TEX. PENAL CODE ANN. § 25.11(a). The essence of Appellant's argument is that the act of punching Johnson in the forehead did not qualify as an assault, thereby negating the "two or more" element under Section 25.11. *See id.*

**Standard of Review and Applicable Law**

We review the trial court's denial of a lesser included offense instruction for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). Upon the defendant's request, the trial court must include a lesser included offense instruction in the jury charge when (1) the requested charge is for a lesser included offense of the charged offense and (2) there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). When determining whether the trial court properly denied a request for a lesser included offense instruction, we review all of the evidence presented at trial. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a jury instruction on a lesser included offense. *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). "Although this threshold showing is low, 'it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser included offense for the finder of fact to consider before an instruction on a lesser included offense is warranted.'" *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). "[T]he standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Sweed*, 351 S.W.3d at 68. The trial court shall give a lesser included offense instruction when the evidence establishes "the lesser included offense as 'a valid, rational alternative to the charged offense.'" *Rice*, 333 S.W.3d at 145 (quoting *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)).

**The Evidence**

There was no dispute at trial that Appellant punched Johnson while trying to take away her phone outside the convenience store. Johnson believed that Appellant intended to do so. Appellant contended that his punching her was accidental. Following the State's presentation of evidence, Appellant testified on his own behalf as follows:

> And so she didn't try to show me who was texting. So I walked up to the door, as soon as I was fixing to get in . . . .
>
> . . . .
>
> [I]n the car -- I was moving so fast, I had slipped. I had slipped. As soon as I slipped -- she was texting. And she had the phone like this to her head.

3

I was fixing to grab the phone, and I slipped. And when I -- soon as I slipped, my fist hit her in the forehead. So as soon as my fist hit her in the forehead, I had put her phone back down there.

I said, "Baby, I'm sorry. You know I didn't mean to hit you. You know I didn't mean to hit you."

Appellant also testified at trial that he did not assault Johnson at her apartment. However, Appellant did not seek a lesser included offense instruction on this basis. Instead, at the charge conference, Appellant asserted that his testimony placed in question whether he assaulted Johnson at the convenience store. Accordingly, he requested a jury instruction setting forth that, if the jury believed that Appellant did not assault Johnson outside of the convenience store, but rather, only assaulted Johnson at her apartment, it should find Appellant "not guilty" of continuous violence against the family. The instruction further provided the jury with the option to find Appellant "guilty" of assault against the family. The trial court denied Appellant's requested instruction.

**Analysis**

Here, Appellant was charged with continuous violence against the family. *See* TEX. PENAL CODE ANN. § 25.11. The State does not dispute that assault against the family is a lesser included offense of continuous violence against the family, and we agree that it is a lesser included offense. *Compare* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2017) *with* TEX. PENAL CODE ANN. § 25.11; *see also* ***Casanova v. State***, Cause No. 13-14-00145-CR, 2016 WL 1072620, at \*5 (Tex. App.–Corpus Christi, Mar. 17, 2016, no pet. h.) (mem. op., not designated for publication). Thus, Appellant satisfied the first requirement to receive a lesser included offense instruction. *See **Rice***, 333 S.W.3d at 144.

Accordingly, we next consider if there is any evidence in the record that if Appellant is guilty, he is only guilty of assault against the family. Essentially, Appellant contends that he presented evidence that one of the acts he allegedly committed against Johnson was accidental and, thus, did not constitute assault because he lacked the requisite mental culpability. In conducting our analysis, we are mindful that a person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result

4

will occur.  *See* TEX. PENAL CODE ANN. § 6.03(c) (West 2011).[4]  The risk must be of such a nature and degree that disregarding it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id*.

From our review of the entire record, we agree with the State that there is no evidence therein indicating that if Appellant is guilty, he only is guilty of assault against the family.  While the threshold showing is low, there must be evidence directly germane to the lesser included offense for the factfinder to consider before a lesser included offense instruction is warranted.  *See Sweed*, 351 S.W.3d at 68.  Although Appellant testified that he accidentally punched Johnson, he admitted that he was moving quickly toward her and attempting to grab her phone, which Johnson was holding by her head.  He further stated that he slipped and fell toward her, punching her forehead with a closed fist.  Johnson's forehead swelled as a result of Appellant's punch.  We conclude that the manner in which Appellant admitted trying to take Johnson's phone from her constitutes reckless conduct.  *See Guzman v. State*, 188 S.W.3d 185, 193-94 (Tex. Crim. App. 2006) (defendant not entitled to lesser included instruction when his own testimony established that he acted recklessly).  Thus, even giving credence to Appellant's testimony that he accidentally punched Johnson, such an accidental punching still amounts to an assault against the family.  *See* TEX. PENAL CODE ANN. §§ 6.03 (c); 22.01(a)(1).

We have reviewed the entire record and conclude that Appellant was not entitled to an instruction on the lesser included offense of assault against the family.  *See Hall*, 225 S.W.3d at 536.  Thus, we hold that the trial court did not abuse its discretion in refusing Appellant's request for such a jury instruction.  *See Threadgill*, 146 S.W.3d at 666; *see also Casanova*, 2016 WL 1072620 at *6.  Appellant's sole issue is overruled.

## MODIFICATION OF TRIAL COURT'S JUDGMENT

From our review of the record, we note that there is an error in the trial court's judgment, wherein the degree of offense is denoted as a second degree felony.  However, Appellant was

---

[4] The State can prove assault against the family by showing that Appellant acted intentionally, knowingly, or recklessly.  *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2017).  While Johnson contended that Appellant intended to punch her, and while the record contains strong evidence that Appellant did so intend, for purposes of this analysis, we take as true Appellant's assertion that he punched Johnson accidentally.  *See Hall*, 225 S.W.3d at 536.  Therefore, we focus on whether the evidence, as recounted by Appellant, constitutes reckless conduct.

indicted on a third degree felony, continuous violence against the family, the punishment for which was enhanced to that of a second degree felony. *See* TEX. PENAL CODE ANN. §§ 12.42(a), 25.11(e).

We have the authority to modify the judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); ***Davis v. State***, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). In this case, we have the necessary data and information to modify the judgment to reflect that the degree of offense was a third degree felony.

## CONCLUSION

Because the degree of offense charged against Appellant was a third degree felony, we ***modify*** the trial court's judgment to delete the notation under the "Degree of Offense" heading of "Second Degree Felony" and insert "Third Degree Felony" in its place. Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment ***as modified***.

**BRIAN HOYLE**
Justice

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 3, 2018**

**NO. 12-18-00030-CR**

**JAMES KEMP,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1098-17)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the notation under the "Degree of Offense" heading of "Second Degree Felony" and insert "Third Degree Felony" in its place; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*