# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00056-CR

**Jonathan Price, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 450TH JUDICIAL DISTRICT
NO. D-1-DC-15-206378, HONORABLE BRAD URRUTIA, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jonathan Price of injury to a disabled individual, *see* Tex. Penal Code § 22.04(a)(3), (f), and assessed his punishment, enhanced pursuant to the repeat offender provision of the Texas Penal Code, at confinement for nine years in the Institutional Division of the Texas Department of Criminal Justice, *see id*. § 12.42(a).  In two issues, appellant argues that the trial court erred by denying his requested jury-charge instruction on the lesser-included offense of assault bodily injury and by excluding evidence of appellant's "mental health issues relevant to mens rea during the guilt/innocence stage of the trial."  For the following reasons, we overrule appellant's issues but, having found non-reversible clerical error in the written judgment, we modify the trial court's judgment to correct the clerical error and, as modified, affirm the judgment of conviction.

**Background[1]**

The jury heard evidence that, on the morning of November 2, 2015, a police officer responded to a call for service in downtown Austin involving an incident in which appellant "punched" another man in the face with his fist. The other man, who is blind, had his service dog with him and was walking on a sidewalk near a bus stop at the time of the incident. After speaking with an eyewitness to the incident and both men, the police officer arrested appellant for injury to a disabled person. Appellant was subsequently indicted for intentionally or knowingly causing bodily injury to a disabled individual by striking the individual with his hands.[2]

The State's witnesses during the guilt or innocence phase of the jury trial were the blind man, the eyewitness to the incident, and the police officer who responded to the call for service. The eyewitness identified appellant as the person who attacked the blind man. Her testimony included that the assailant "walked up and pushed the [blind] man and punched him in the face," she did not see any conversation between the assailant and the blind man, and the blind man did not do anything before the incident occurred.

The blind man testified about his visual impairment and the incident. He testified that he has "no central vision," that he "can see light and dark and some shadows," but that he does not "have any detail or knowledge of things that are around [him]." He also answered "No" when asked

---

[1] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we provide only a general overview of the facts of the case here. We provide additional facts in the opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. The facts recited are taken from the testimony and exhibits admitted at trial.

[2] The indictment also included the allegation that appellant recklessly caused bodily injury to a disabled individual, but the State abandoned the reckless language in the indictment at trial.

2

if he was able to see faces, people, or tell if someone was walking up to him. He explained that he had been blind for "almost 11 years," that he was certified by the Social Security Administration to receive benefits because of his blindness, and he described how being blind impacted his daily activities. He answered, "It does," when asked if his "blindness substantially makes [him] unable to protect [himself] from harm." Concerning the incident, he testified that he "was walking and [he], all of a sudden, felt a sudden sharp pain in [his] chest" and he "kind of stopped and then [he] was struck in the face" and that, after he was hit, he "yelled out what are you doing, I'm blind," "swung out to clear [his] immediate personal space," and contacted the police. He also described his injuries from the incident—"some abrasions on [his] face and pain in [his] chest." Further, he testified that he had his service dog with him at the time of the incident and that his dog was wearing its harness that has information on it that the dog is guiding a blind person. During the trial, the blind man's dog was present and wearing its harness.

The police officer testified about his investigation of the incident. He testified that appellant told him that "the person, the handicapped person with the dog, came up to him and was trying to fight him"; that appellant "was standing on the sidewalk when [the person] bumped into him"; that the person had stated to him "why are you standing in the middle of the sidewalk"; and that he "had punched [the person] in the face one time with his closed fist." As to his discussions with the blind man, the officer testified that "[h]e stated it hurt when he got punched"; that he complained of "pain"; and that the blind man had "swelling to the left part of the cheek" and that "[i]t looked sort of red." The exhibits also included photographs of the man's face after being hit,

3

a letter from the Social Security Administration stating that he receives supplemental security income as a blind individual, and the recording of the 911 call made immediately after the incident.

In the charge of the court, the jury was instructed:

> A person commits an offense of injury to a disabled individual if he intentionally or knowingly by act causes a disabled individual bodily injury.
>
> It is an affirmative defense to prosecution for injury to a disabled individual that the person did not know and could not reasonably have known that the individual was a disabled individual at the time of the offense.

The jury also was instructed that "'[r]easonable belief' means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor" and, relevant here, that a "'[d]isabled individual' means a person who by reason of . . . physical . . . disease, defect, or injury is substantially unable to protect the person's self from harm."

The jury found appellant guilty and, following the punishment phase of the trial, assessed appellant's punishment, enhanced based on one prior felony conviction, at confinement of nine years. The trial court entered judgment in accordance with the jury's verdict. Appellant filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## Analysis

### Lesser-Included Offense

In his first issue, appellant argues that the trial court erred by denying defense counsel's request for a jury-charge instruction on assault bodily injury because: (i) it is a lesser-included offense to injury to a disabled individual as alleged in the indictment and

4

(ii) evidence was adduced at trial to prove assault bodily injury if the jury had found in favor of appellant on his affirmative defense that he did not know and could not reasonably have known that the blind man was disabled. *See* Tex. Penal Code § 22.04(m) (stating that it is affirmative defense to prosecution of injury to disabled individual "that the person did not know and could not reasonably have known that the individual was a disabled individual as defined by Subsection (c), at the time of the offense"); *see also id.* § 22.04(c)(3) (defining "disabled individual").

We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). Determining whether a defendant is entitled to a lesser-included-offense instruction also requires a two-part analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011); *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *see State v. Meru*, 414 S.W.3d 159, 162–63 (Tex. Crim. App. 2013). We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); *Hall*, 225 S.W.3d at 535. If so, we must decide whether the admitted evidence supports the instruction. *Goad*, 354 S.W.3d at 446; *Rice*, 333 S.W.3d at 144–45.

The State does not challenge that assault causing bodily injury is a lesser-included offense of injury to a disabled individual as charged in the indictment here. *See* Tex. Code Crim. Proc. art. 37.09(1); *see also* Tex. Penal Code §§ 22.01(a)(1) (listing elements of assault causing bodily injury), 22.04(a)(3) (listing elements of injury to disabled individual). Thus, we proceed to

the second part of the analysis. Under this part, we must determine if there is some evidence in the record that would permit a jury to rationally find that, if appellant is guilty, he is guilty only of the lesser-included offense. *Meru*, 414 S.W.3d at 163; *Rice*, 333 S.W.3d at 145. "The evidence must establish the lesser-included offense as 'a valid, rational alternative to the charged offense.'" *Rice*, 333 S.W.3d at 145 (quoting *Hall*, 225 S.W.3d at 536). "We consider all of the evidence admitted at trial, not just the evidence presented by the defendant." *Goad*, 354 S.W.3d at 446; *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Wortham v. State*, 412 S.W.3d 552, 558 (Tex. Crim. App. 2013); *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). We may not consider the credibility of the evidence or whether it conflicts with other evidence or is controverted. *Goad*, 354 S.W.3d at 446–47. However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Sweed*, 351 S.W.3d at 68 (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). "Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012).

Appellant does not dispute that the victim was disabled—that he was blind—but focuses on the trial court's inclusion of the jury instruction on his affirmative defense that he did not know and could not reasonably have known that the victim was disabled at the time of the incident and the trial court's implied conclusion that evidence supported appellant's affirmative defense. *See*

6

Tex. Penal Code § 2.04(c) ("The issue of the existence of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense."). Appellant points to the officer's testimony that appellant told the officer that the victim "bumped" into appellant, that the victim was trying to fight him, and that he thought that the victim was just walking his dog; the victim's testimony that he has run or bumped into people who say that they did not see his service dog and that his service dog is "very unobtrusive"; and the evidence that the writing on the service dog's harness was visible from the front, but not the sides.

Whether appellant "did not know or could not reasonably have known" that the victim was disabled at the time of the incident, however, is not the question for determining whether the lesser-included offense of assault bodily injury should have been submitted to the jury. *See Bunn v. State*, No. 01-00-00503-CR, 2001 Tex. App. LEXIS 1714, at *6 (Tex. App.—Houston [1st Dist.] Mar. 15, 2001, no pet.) (not designated for publication) (affirming conviction of injury to elderly person, concluding that trial court did not err by denying jury instruction on lesser-included offense of assault, and explaining that testimony that officer could not tell complainant's age by looking at her "does not constitute any evidence that the complainant was under 65 years of age"). To warrant the requested lesser-included-offense instruction here, there must be some affirmative evidence in the record demonstrating that the victim was not disabled to negate that element of the greater offense. *See* Tex. Penal Code § 22.04(a)(3), (c)(3). Appellant directs us to none.

No evidence in the record—including the evidence of appellant's lack of awareness of the victim's blindness—negates or rebuts the evidence that the victim was disabled at the time of the incident. *See Bunn*, 2001 Tex. App. LEXIS 1714, at *6. Given the uncontroverted evidence

7

demonstrating that the victim was disabled, we conclude that no rational jury could find that appellant was guilty only of the lesser offense of assault bodily injury. Accordingly, the trial court's denial of the requested jury-charge instruction does not constitute error, and we need not conduct a harm analysis. *See Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013); *Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009). We overrule appellant's first issue.

**Exclusion of Evidence**

In his second issue, appellant argues that the trial court erred by refusing to allow defense counsel to introduce evidence of his "mental health issues relevant to mens rea during the guilt/innocence stage of the trial." Appellant directs us to defense counsel's examination of the investigating police officer following his answer of "correct" to counsel's question if it was correct that the officer never took appellant to be evaluated for psychological emergency services after he arrested appellant. The prosecutor objected in the middle of defense counsel's next question to the officer, which defense counsel represented was going to be "if [the officer] was aware if Mr. Price had been treated for psychological services." The trial court sustained the prosecutor's objection to the question, and defense counsel proceeded to a different line of questioning.[3]

---

[3] The parties had the following exchange with the trial judge at the bench concerning the prosecutor's objection to defense counsel's anticipated next question to the officer:

> [Prosecutor]: While I don't know what [defense counsel] is about to ask, I anticipate he's going to ask—I'm sorry, I'm losing my train of thought for a second. He's going to assume facts not in evidence, try to insert some evidence about Mr. Price allegedly being mentally disabled. Number one, this assumes facts not in evidence. Number two, evidence of diminished capacity is not admissible in the state of Texas as a legal

Preservation of error in the exclusion of evidence requires the complaining party to comply with Texas Rule of Evidence 103 by making an offer of proof that sets forth the substance of the proffered evidence. *See* Tex. R. Evid. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009); *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). "The offer of proof may consist of a concise statement by counsel, or it may be in question-and-answer form." *Mays*,

---

|  |  |
|---|---|
|  | defense to any crime. It's either insanity or nothing. So we object to both, assumes facts not in evidence and relevance to any evidence about his mental health. |
| The Court: | I don't think he has asked the question yet, but, [defense counsel], where are you going? |
| [Defense Counsel]: | Well, I was just going to ask if he was aware if Mr. Price had been treated for psychological services. |
| [Defense Counsel]: | He can say no. |
| The Court: | I'm just saying, I don't think it's relevant at this point. It might be relevant at some point later but not now. |
| [Defense Counsel]: | It's relevant to intent. |
| [Prosecutor]: | Your honor, I have voluminous case law on the issue of diminished capacity— |
| The Court: | I'm in agreement with you, counsel. I'm not going to allow you to ask the question about whether [the officer] knows whether [appellant] was disabled or not, so objection is sustained, if that's your question. I mean, you haven't asked it yet. |
| [Defense Counsel]: | That's what my question was going to be. |
| The Court: | Okay. |

285 S.W.3d at 889. If the proffer is in the form of a statement, it "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Id.* at 889–90 (quoting *Warner*, 969 S.W.2d at 2). The proffer must extend "beyond the anticipated questions" that the complaining party intends to ask the witness and reveal, "with some degree of specificity, the substantive evidence [the complaining party] intended to present." *Id.* at 890. "The purpose of the offer of proof is to show what the witness's testimony would have been—otherwise, there is nothing before the appellate court to show reversible error in the trial court's ruling." *Bundy v. State*, 280 S.W.3d 425, 428–29 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984)).

Here, because appellant provided no summary of what the officer's testimony would have been in responding to the objected-to question or any other evidence he sought to admit concerning his "mental health issues" during the guilt or innocence phase of the trial, this Court cannot determine whether the trial court abused its discretion or erred by excluding the evidence and, if so, whether appellant was harmed by the exclusion. Further, appellant has not directed us to any attempts by him to make an offer of proof setting forth the substance of evidence of his "mental health issues." Accordingly, appellant has not preserved the complaint he raises in his second issue for our review. *See Blackshear v. State*, 385 S.W.3d 589, 590–91 (Tex. Crim. App. 2012) (explaining that preservation of error is systemic requirement on appeal and that reviewing court should not address merits of issue that has not been preserved for appeal). We overrule his second issue.

**Clerical Error in Judgment**

As appellant points out, the written judgment in this case contains a clerical error. It states that appellant's plea to the 2nd Enhancement/Habitual paragraph was "True" and that the finding on that paragraph was "True." The State pursued only the 1st Enhancement Paragraph during trial. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to reflect that the plea and finding as to the 2nd Enhancement/Habitual Paragraph in the judgment are both "N/A."

## Conclusion

Having overruled appellant's issues but having found non-reversible clerical error in the written judgment of conviction, we modify the judgment as noted above to correct the clerical error and affirm the trial court's judgment of conviction as modified.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed: October 31, 2018

Do Not Publish

11